UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAK NON-PROFIT HOUSING CORP. d/b/a
BARTON TOWERS APARTMENT,

                          Plaintiff,       CIVIL CASE NOS.   05-40392

v.

WILLIAM PATTERSON,

                        Defendant.     HONORABLE PAUL V. GADOLA
_____/    U.S. DISTRICT COURT

WILLIAM PATTERSON,

                          Plaintiff,       CIVIL CASE NOS.   05-40391

v.

CSI SUPPORT DEVELOPMENT SERVICES,

                         HONORABLE PAUL V. GADOLA
                        Defendant.   U.S. DISTRICT COURT
_____/

## ORDER OF REMAND AND DISMISSAL

Before the Court is Plaintiff's motion for remand, filed on January 6, 2006. Defendant removed this case from 44th District Court for the State of Michigan on December 27, 2005. Surprisingly, Plaintiff originally filed this action for termination of tenancy on November 2, 2004. The complaint explicitly states that the law at issue is a federal housing regulation, specifically, Department of Housing and Urban Development statute 42 U.S.C. § 1437(f) and the accompanying regulation, 24 C.F.R., Part 247. Compl., ¶ 5. Despite this clear reference to federal law, Defendant claims that he is able to remove this action under the "other papers" provision of 28 U.S.C. § 1446(b). Defendant's "other paper" is the amended answer he filed on November 28, 2005.

The Court does not believe that Defendant was unaware of the federal question present in the original complaint filed over a year ago. For Defendant to claim that he only recently learned of the existence of a federal question through the filing of a document which was authored over a

year after Plaintiff's complaint, and by himself no less, is an abuse of the Court's removal proceedings. Simply put, Defendant's notice of removal is untimely. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348-49 (1999).

In fact, Defendant has once before removed this action to the United States District Court on May 9, 2005. Contemporaneous with this first notice of removal, Defendant filed a companion case seeking to enjoin Plaintiff from terminating his tenancy, pursuant to the Fair Housing Act, 45 U.S.C. § 3601, *et seq*. Yet, on August 22, 2005, the Honorable John Corbett O'Meara remanded the case back to the 44th District Court for the State of Michigan as untimely, by more than six months, and dismissed the companion case. Along with his second notice of removal, Defendant has again filed a companion case under the Fair Housing Act seeking to circumvent the Plaintiff's original action, case no. 05-40391. A review of this action's procedural history leaves the Court with serious doubts as to Defendant's method of defense, which appears to be evasive, vexatious, and duplicitous.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion to remand [docket entry 2] is **GRANTED**, and this action, no. 05-40392 is **REMANDED** to the 44th District Court for the State of Michigan.

**IT IS FURTHER ORDERED** that case no. 05-40391 is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Counsel shall, within ten (10) days of the filing of this order, **SHOW CAUSE** in writing why she should not be sanctioned for filing the second notice of removal. *See* Fed. R. Civ. P. 11(b).

**SO ORDERED.**

Dated:   January 30, 2006                                    s/Paul V. Gadola
                                                                         HONORABLE PAUL V. GADOLA

2

UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 31, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Gabrielle S. Frampton; Maria J. Riley                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .

s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845

3